# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-06-226-M |
| | ) | |
| TRACI J. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's "Motion for Modification or Reduction of Sentence Based upon an Intervening Post-Sentence Change in the United States Sentencing Guidelines Pertaining to Corollary Criminal History Category (Amendment 12) Which Effectively Lower's Petitioner's Term of Imprisonment," filed May 22, 2013. On July 25, 2013, the government filed its response.

Defendant moves this Court, pursuant to 18 U.S.C. § 3582(c)(2), to reduce her sentence based upon a May 1, 2007 "Amendment 12, Criminal History." Defendant, however, does not provide any information as to how her sentence is affected by this amendment. It appears that the "Amendment 12, Criminal History" to which defendant refers is actually Amendment 709, which became effective November 1, 2007, almost six months after defendant was sentenced.

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
>     \*                \*                \*
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section

> 3553(a) to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>.

18 U.S.C. § 3582(c)(2) (emphasis added). The United States Sentencing Guidelines § 1B1.10(a)(2) provides, in pertinent part:

> (2) <u>Exclusions</u>. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; . . . .

U.S.S.G. § 1B1.10(a)(2)(A).

Amendment 709 is not in the list of covered amendments set forth in United States Sentencing Guidelines § 1B1.10(c). The Court, therefore, finds that Amendment 709 does not apply retroactively and, accordingly, finds there is no basis to reduce defendant's sentence.

For the reasons set forth above, the Court DENIES defendant's "Motion for Modification or Reduction of Sentence Based upon an Intervening Post-Sentence Change in the United States Sentencing Guidelines Pertaining to Corollary Criminal History Category (Amendment 12) Which Effectively Lower's Petitioner's Term of Imprisonment" [docket no. 117].

**IT IS SO ORDERED this 30th day of July, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE